UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

KURT A. MUZQUIZ,                        )
                                        )
         Plaintiff,                     )
                                        )
v.                                      )     No. 1:09-cv-351-DFH-TAB
                                        )
BRADLEY BEATON, et al.,                 )
                                        )
         Defendants.                    )

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

    1.    The plaintiff's motion for reconsideration of the denial of his motion for appointment of counsel (dkt 9) is treated as a renewed motion for the appointment of counsel.

        a.    The court concludes, based on the plaintiff's renewed motion, that he has in fact made a reasonable effort to secure representation. The court therefore proceeds to the second inquiry required in these circumstances. The court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

        b.    The court finds, in this case and at present, that the claims asserted by the plaintiff are not of sufficient complexity or merit as to surpass the plaintiff's ability to properly develop and present them. First of all, the complaint shows that the plaintiff understands his claims from the standpoint of both their legal basis and their factual underpinnings. Second, the plaintiff appears to be literate, to have access to writing materials, and to have an understanding of the court's processes. As the case develops, the court anticipates that the plaintiff will demonstrate his understanding of the need to adhere to

      timetables, to work with counsel for the defendants in developing the case for trial or other resolution, and so forth. Third, the case is at a very early stage–the defendants have appeared but have not filed an answer to the complaint. The plaintiff's claims and the need to responsibly proceed with the development of the case do not appear, at present, to be of a complexity which exceeds the plaintiff's ability to present, even without the guiding hand of counsel. Accordingly, the plaintiff's renewed request that counsel be recruited for him (dkt 9) is **denied.**

2. The plaintiff's motion to add witnesses and defenses for interrogatories (dkt 10) is **denied as premature.** The plaintiff may submit this list of witnesses when the court orders the parties to file a preliminary witness list.

3. The defendants have not answered the complaint, and therefore, discovery is not yet authorized in this case. The clerk shall return to the plaintiff the discovery requests that have been filed with the court (dkt 11, 12, 13).

4. The parties may begin to serve discovery requests on the day the defendants file their answer or other responsive pleading to the complaint. In addition, routine discovery requests should not be filed with the court. Discovery requests are only served on parties or on their attorney if they are represented by counsel.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 6/9/2009

Distribution:

Kurt A. Muzquiz
DOC #951853
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, IN 46135

Shannon Lee Logsdon, CITY OF INDIANAPOLIS, CORPORATION COUNSEL
slogsdon@indygov.org

Jonathan Lamont Mayes, CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jmayes@indygov.org

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS OTHER THAN DOCKETING AND DISTRIBUTION.