## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KURT A. MUZQUIZ, )<br>  )<br>   Plaintiff, )<br>v. )  No. 1:09-cv-351-WTL-TAB<br>  )<br>BRADLEY BEATON, et al., )<br>  )<br>   Defendants. ) | |

### Entry Discussing Motion to Quash

The plaintiff's motion to quash and objection to non-party request for production of documents and subpoena duces tecum (dkt 38)[1] has been considered and is **denied** for the following reasons:

1.     The plaintiff states that he has not waived his 15 day notice requirement for production of documents to a non-party pursuant to Rule 34(c) and 45(b). The plaintiff is confused.  This court is governed by the *Federal Rules of Civil Procedure* and Rule 34(c) and 45(b) of the *Federal Rules of Civil Procedure* do not require the defendants to notify the plaintiff in advance of their intention to serve non-parties with subpoenas. *Indiana Trial Rules* 34 and 45 apply to the courts of the state of Indiana and not this district court.

2.     The plaintiff states that the defendants are charging him for copies of all documents they obtain from non-parties. The plaintiff argues that because he is indigent the defendants should be required to provide him with a copy for free. Again the plaintiff is mistaken.  The defendants are not required to provide the plaintiff with a free copy of discovery obtained from non-parties who provide discovery to the defendants except to the extent that such materials are relied upon in a subsequent fashion, such as to support a motion for summary judgment.

3.     The plaintiff states that the defendants seek discovery from approximately 10 non-parties including his former employers and each of the prisons where he has been housed. The plaintiff argues that many of the requests are irrelevant to his claim of excessive force during arrest and violate his privacy rights and requests that the court "limit everything to all medical records only." The Federal Rules of Civil Procedure allow discovery "regarding any nonprivileged matter that is relevant to any party's claim or

---

[1] The court also considers plaintiff's letter (dkt 39) filed on October 16, 2009, and plaintiff's Notice to the Court (dkt 41).

defense." Fed.R.Civ.P. 26(b)(1). The burden "rests upon the objecting party to show why a particular discovery request is improper." *McGrath v. Everest Nat. Ins. Co.,* 625 F.Supp.2d 660, 670 (N.D.Ind. 2008). Because the plaintiff has not supplied sufficient information to determine whether the subpoenas seek information exceeding the scope of permissible discovery, and because it is his burden to do so, the motion to quash these subpoenas is **denied.**

**IT IS SO ORDERED.**

Date: 12/02/2009

*[signature]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Shannon Lee Logsdon
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
slogsdon@indygov.org

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jmayes@indygov.org

Robert Bruce Sutherland
rsutherland@hanover.com

KURT A. MUZQUIZ
951853
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, IN 46135